[614 NYS2d 846]

In the Matter of WILLIAM SIMS, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, July 15, 1994

**APPEARANCES OF COUNSEL**

*Vincent Scarsella,* Buffalo, for petitioner.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to practice by this Court on

March 13, 1951. The Grievance Committee of the Eighth Judicial District filed a petition charging respondent with conversion of funds belonging to two clients; with commingling and conversion of trust account funds from 1990 to the date of the petition; with neglecting two separate legal matters entrusted to him and then attempting to settle a claim for malpractice outside of the presence of the client's attorney; and with collecting a $1,000 cash deposit from a prospective buyer in a real estate transaction in which he represented the seller, applying the deposit to his legal fees without his client's authorization, and failing to satisfy an arbitrator's award in that amount, which was obtained by the prospective buyer. Respondent was also charged with failing to register as an attorney and with failing to pay biennial registration fees.

Respondent answered the petition and a Referee was appointed to conduct a hearing on the issues of fact raised by the pleadings. Respondent failed to appear on the scheduled hearing date and the hearing proceeded in his absence. Neither petitioner's attorney nor the Referee was able to reach respondent by telephone. However, respondent called the Grievance Committee office later that day and stated that he had not attended that morning because he was ill and on medication. The Referee wrote to respondent subsequent to the hearing, advising him that the hearing had proceeded in his absence and that he should submit proposed findings within 14 days of his receipt of the transcript. Although respondent was provided with the transcript, he did not communicate with the Referee. The Referee filed his report and petitioner moved to confirm it. Respondent failed to answer or appear on the return date of the motion.

We confirm the Referee's report and conclude that respondent has violated the following Disciplinary Rules of the Lawyer's Code of Professional Responsibility, effective January 1, 1970, as amended through April 19, 1978: DR 9-102 (A) —by failing to preserve and identify his clients' funds and by commingling and converting funds of his clients; and DR 9-102 (B) (1)—by failing to promptly notify a client of the receipt of funds. We also conclude that respondent has violated the following Disciplinary Rules of the Lawyer's Code of Professional Responsibility, effective January 1, 1990: DR 9-102 (A) (22 NYCRR 1200.46 [a])—by commingling client funds with his own; DR 9-102 (B) (1) (22 NYCRR 1200.46 [b] [1])—by failing to preserve and identify his clients' and third-party funds received incident to the practice of law, and by converting client

and third-party funds to his own use and benefit; DR 9-102 (C) (4) (22 NYCRR 1200.46 [c] [4])—by failing to pay funds promptly as requested by a client or third party; DR 6-101 [A] [3] (22 NYCRR 1200.30 [a] [3])—by neglecting legal matters entrusted to him; DR 6-102 (A) (22 NYCRR 1200.31 [a])—by seeking to limit prospectively his individual liability or settling a claim for malpractice with an unrepresented client; DR 7-101 (A) (2) (22 NYCRR 1200.32 [a] [2])—by failing to carry out contracts of employment entered into with clients; and DR 7-101 (A) (3) (22 NYCRR 1200.32 [a] [3])—by damaging his clients during their professional relationships with him. Finally, we conclude that respondent violated Judiciary Law § 468-a and 22 NYCRR 118.1 by failing to register as an attorney and failing to pay biennial registration fees.

Accordingly, we conclude that respondent should be disbarred and direct entry of an order of restitution pursuant to Judiciary Law § 90 (6-a) in the amounts itemized in the Referee's report.

PINE, J. P., BALIO, LAWTON, WESLEY and BOEHM, JJ., concur.

Order of disbarment entered.